1  DAVID L. ANDERSON (CABN 149604)
   United States Attorney
2
   HALLIE HOFFMAN (CABN 210020)
3  Chief, Criminal Division

4  ANDREW M. SCOBLE (CABN 124940)
   RAVI T. NARAYAN (IABN AT0011948)
5  Assistant United States Attorneys

6       450 Golden Gate Avenue, Box 36055
        San Francisco, California 94102-3495
7       Telephone: (415) 436-7249/7369
        Fax: (415) 436-7234
8       Email: andrew.scoble@usdoj.gov
        Email: ravi.narayan@usdoj.gov
9
   Attorneys for United States of America

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | **CASE NO. CR 19-0280 RS** |
| Plaintiff, | **DETENTION ORDER** |
| v. | |
| EVERT GALDAMEZ CISNEROS, | |
| Defendant. | |

On February 18, 2020, defendant Evert Galdamez Cisneros was charged by Superseding Indictment with Racketeering Conspiracy, in violation of 18 U.S.C. § 1962(d), and Assault with a Dangerous Weapon in Aid of Racketeering, in violation of 18 U.S.C. § 1959(a)(1).

This matter came before the Court on March 19, 2020 and March 26, 2020 for detention hearings. The defendant was present and represented by Brian Berson. Assistant United States Attorneys Andrew Scoble and Ravi Narayan appeared for the government. The government moved for detention, and the defendant opposed.

At the hearings, counsel submitted proffers and arguments regarding detention. The government's proffer included both its detention filing (Dkt. 43) and oral proffers. The government

[PROPOSED] DETENTION ORDER            1                               v. 11/01/2018
 CR 19-0280 RS

proffered that: (1) the defendant is believed to be a member of the MS-13 20th Street gang, which the government alleges is a racketeering enterprise, as outlined in pages 13-15 of the government's detention memorandum (Dkt. 43); (2) on January 24, 2019, the defendant is seen on surveillance video participating in a group assault on a family of four in MS-13 gang territory, including his punching a 15-year-old victim in the face; (3) on February 4, 2019, when the defendant was arrested, he was wearing a hat that read "MS," a machete and baseball bat were hidden in his car, and his phone was playing an MS-13 rap song with violent lyrics and specific references to MS-13 20th Street members and codefendants; and (4) an October 2019 search warrant executed the defendant's phone revealed chats between him and other MS-13 20th Street gang members discussing (a) a plot to commit MS-13 gang violence in Los Angeles and (b) a plan to kill a fellow MS-13 member for backing out of the Los Angeles trip. The defendant proposed that he be released on an unsecured bond, cosigned by multiple sureties, with his wife acting as a custodian.

Upon consideration of the facts, proffers and arguments presented, and for the reasons stated on the record, the Court finds by clear and convincing evidence that no condition or combination of conditions will reasonably assure the safety of any other person or the community. Accordingly, the defendant must be detained pending trial in this matter.

The present order supplements the Court's findings and order at the detention hearing and serves as written findings of fact and a statement of reasons as required by Title 18, United States Code, Section 3142(i)(1). As noted on the record, the Court makes the following finding as the basis for its conclusion: the defendant poses a danger to the community which cannot be mitigated by any combination of release conditions. This finding is made without prejudice to the defendant's right to seek review of defendant's detention, or file a motion for reconsideration if circumstances warrant it.

Pursuant to 18 U.S.C. § 3142(i), IT IS ORDERED THAT:

1. The defendant be, and hereby is, committed to the custody of the Attorney General for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal;

2. The defendant be afforded reasonable opportunity for private consultation with counsel; and

3. On order of a court of the United States or on request of an attorney for the government, the person in charge of the corrections facility in which the defendant is confined shall deliver the defendant to an authorized United States Marshal for the purpose of any appearance in connection with a court proceeding.

IT IS SO ORDERED.

DATED: April 9, 2020

_____
HONORABLE SALLIE KIM
United States Magistrate Judge